**11 CIV 4820**

JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| ANDREW E. ROTH, derivatively on behalf of LEAP WIRELESS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GOLDMAN SACHS GROUP, INC., GOLDMAN, SACHS & CO., and LEAP WIRELESS INTERNATIONAL, INC., <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br><br> *(Demand for Jury Trial)* |

ANDREW E. ROTH ("Roth"), by his attorneys, Bragar Wexler Eagel & Squire, P.C. and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1. Plaintiff Roth is a New York resident who is the owner of common stock of Leap Wireless International, Inc. ("Leap" or the "Company").

2. Leap, a nominal defendant herein, is a Delaware corporation with its principal place of business at 5885 Copley Drive, San Diego, California 92111.

3. Defendant The Goldman Sachs Group Inc. ("GS Group") is a Delaware corporation with its principal place of business at 200 West Street, New York, New York 10282.

4. Defendant Goldman, Sachs & Co. ("Goldman Sachs") is a New York corporation with its principal place of business at 200 West Street, New York, New York 10282. Goldman Sachs is a wholly-owned subsidiary of GS Group.

### Jurisdiction and Venue

5. This action is brought derivatively on behalf of Leap pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p ("Section 16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78(a)(a).

### The Governing Law

6. Section 16(b) of the Exchange Act provides that if an officer, director or beneficial owner of more than 10 percent of a class of equity securities of an issuer, purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

7. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.

8. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is

liable to disgorge profits which such group member earns in stock transactions effected within a six-month period.

9. Under SEC Rule 16b-6(d) promulgated under the Exchange Act, "[u]pon cancellation or expiration of an option within six months of the writing of the option, any profit derived from writing the option shall be recoverable under Section 16(b) of the Act."

## CLAIM FOR RELIEF

10. Defendants GS Group and Goldman Sachs (collectively, the "Section 16(b) Group"), constitute a group under §13(d)(3) of the Exchange Act and garnered short-swing profits disgorgeable to Leap in the transactions hereinafter set forth.

11. At all relevant times, the Section 16(b) Group was a greater than 10% beneficial owner of Leap common stock. As described below, the Section 16(b) Group wrote short call options which expired within six months of the writing of such options, resulting in disgorgeable short-swing profits in the amount of the premiums received by the Section 16(b) Group from writing these options. Each of GS Group and Goldman Sachs is jointly and severally liable to disgorge such profits to the extent of their respective pecuniary interests in these transactions. The option transactions are detailed below.

## The Options Transactions

12. On October 5, 2009, the Section 16(b) Group filed a Form 3, "Initial Statement of Beneficial Ownership of Securities" with the United States Securities and Exchange Commission (the "SEC") reporting that the Section 16(b) Group's status as a ten percent owner of the Company's common stock.

13.     On October 5, 2009, the Section 16(b) Group also filed a Form 4, "Statement of Changes In Beneficial Ownership" with the SEC reporting that it had written short call options covering 9.2 million shares on September 30, 2009 and October 2, 2009 with an expiration date of January 16, 2010, and exercise prices ranging from $35 per share to $40 per share. The price per share for such options were $.33 on 3.2 million shares; $.19 on 3.0 million shares; and $.11 on 3.0 million shares, resulting in an aggregate premium received of $1,956,000. In a Form 4/A filed on October 8, 2009, the Section 16(b) Group again reported such transactions.

14.     Each of the call options expired on January 16, 2010. As the call options expired within six months of the writing of the call options, under SEC Rule 16b-6(d), the premiums received from the writing these call options are disgorgeable under Section 16(b). Defendants' disgorgeable short-swing profits total no less than $1,956,000.

15.     The Section 16(b) Group engaged in additional derivative securities transactions that it reported on its Form 3 filing of October 5, 2009. Upon information and belief, the Section 16(b) Group improperly reported positions on its Form 3 that should have been reported as reportable positions on its Form 4 with consequent short-swing profit liability.

16.     Accordingly, plaintiff is entitled to damages on behalf of Leap in an amount that cannot be ascertained with precision at this time, but is at least $1,956,000.

**Allegations As To Demand**

17.     On or about June 14, 2011, plaintiff made demand upon Leap to commence this lawsuit. In a letter dated June 29, 2011, the Company's counsel, Latham & Watkins LLP, advised that the Company had settled claims relating to trading by defendants in

4

the Company's securities during the relevant period for the sum of $203,000. The Company's counsel advised that it "considers the matter closed." The settlement with defendants does not account for short-swing profits garnered by defendants from the expiration of short-call derivatives alleged in this Complaint.

**WHEREFORE**, plaintiff demands judgment on behalf of Leap Wireless International, Inc. against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: July 13, 2011

        Yours, etc.

        Paul D. Wexler
        BRAGAR WEXLER EAGEL
        & SQUIRE, P.C.
        885 Third Avenue
        New York, New York 10022
        (212) 308-5858

        OSTRAGER CHONG FLAHERTY
        & BROITMAN P.C.

        By: _/s/ Glenn Ostrager_
            Glenn F. Ostrager

        570 Lexington Avenue
        New York, New York 10022-6894
        (212) 681-0600

        Attorneys for Plaintiff